IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Audrey Johnson-Romaker,                                    Case No. 3:07CV3271

           Plaintiff

     v.                                                      ORDER

Kroger Limited Partnership One,

           Defendant

      This is an employment discrimination case in which the defendant has filed a motion in limine seeking to exclude evidence of and any claim for damages relating to emotional distress. [Doc. 19]. The motion is based on the fact that the plaintiff, though once consenting to release of medical records relating to treatment for such alleged condition, subsequently revoked her consent and became unwilling to allow the defendant access to such records.

      In response to the instant motion, the plaintiff's counsel states that his client has "changed her mind" and now is willing to allow access to those records. "Better late than never," in plaintiff's counsel's view. To which defendant's attorney replies, "Too little, too late." Defendant seeks, in addition to exclusion of evidence and elimination of claims, attorney's fees resulting from the filing of the motion and related efforts to get the plaintiff to have changed her mind earlier, or not, in the first instance, to have changed it at all.

      While plaintiff's petulance and obduracy are entirely inappropriate, I decline to grant any of the relief defendant seeks – at least not for now. Plaintiff, according to her attorney, is impecunious: awarding fees is likely to be a futile gesture.

Far more important is the principle that cases should be decided on their merits, not on the basis of motions that, even if they might be well-taken, seek to exclude potentially pertinent evidence and bar the courthouse door to potentially meritorious claims. That's what granting the instant motion would do.

On the other hand, plaintiff's conduct should not go entirely unnoticed or without the risk of ultimate sanction. I will, accordingly, overrule the instant motion, without prejudice to defendant's right to seek the fees and costs now sought in the event plaintiff prevails at trial in this litigation. If so, I anticipate that any award to the plaintiff shall be reduced by the amount of fees and costs incurred as a result of her obduracy.

If defendant prevails, either on summary judgment or at trial, the delay caused by plaintiff's improper conduct won't have had an effect on the outcome. At that point, an award of fees and costs would be every bit as uncollectible as it would be now. I really don't care to rub the salt of sanctions into the sore of defeat.

Defendant expresses an understandable concern about the prospect of plaintiff changing her mind once again. To guard against that eventuality, I herewith place plaintiff on notice that, if she fails to permit access to *all* pertinent medical records, I shall entertain a motion to dismiss her entire suit with prejudice for her improper failure to permit it to be prosecuted diligently and fairly.

It is, therefore,

ORDERED THAT defendant's motion in limine [Doc. 19] be, and the same hereby is overruled, without prejudice.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge